979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Michael MULCAHY, Petitioner-Appellant,
v.
Vernon SMITH, Warden; et al., Respondents-Appellees.
 No. 92-15813.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 17, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Michael Mulcahy, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm in part, reverse in part, and remand.
 
 Procedural Bar
 
 3
 Mulcahy contends that the district court erred in determining that six of his seven claims were procedurally barred. Mulcahy raised the following claims in his petition: 1) juror misconduct; 2) improper jury instruction; 3) failure to instruct on particular elements and defenses; 4) prosecutorial misconduct; 5) ineffective assistance of trial counsel; 6) ineffective assistance of appellate counsel; and 7) tampering with evidence and altering court records. The district court determined that grounds three, four, five, and seven were procedurally barred based upon the Tuolume County Superior Court's opinion in Mulcahy's state habeas petition. With respect to claim one, the district court based its decision upon the post-card denial of Mulcahy's state habeas petition by the California Supreme Court. The district court held that claim two was barred based upon the opinion of the California Court of Appeal regarding Mulcahy's direct appeal. These claims will be treated separately.
 
 Claims Three, Four, Five, and Seven
 
 4
 In order for a claim to be procedurally barred from consideration by a court in a federal habeas corpus proceeding, the state procedural rule must be "consistently applied" in state court. Johnson v. Mississippi, 486 U.S. 578, 587 (1988). A state procedural rule is consistently applied if it is invoked in the "vast majority" of cases. Dugger v. Adams, 489 U.S. 401, 410-412 n. 6. (1989). Moreover, if a state procedural rule is not clearly defined at the time of the default, that default cannot serve as a bar to federal review. See Ford v. Georgia, 111 S.Ct. 850, 857-58 (1991) (retroactive application of a procedural rule to bar Batson claim inadequate to bar consideration of federal claim); Harmon v. Ryan, 959 F. 2d 1457, 1462 (9th Cir.1992) (failure to seek discretionary review in Arizona Supreme Court excused where state rule was unclear).
 
 
 5
 The district court held that Mulcahy defaulted upon claims three, four, five, and seven because the Tuolume County Superior Court rejected these claims in Mulcahy's state habeas petition and because he failed to raise them on direct appeal. Petitioner cites to In re Bower, 38 Cal.3d 865, 872 (1985) (en banc), to support his position that the claims he raised were required to be raised in a habeas petition and did not need to be raised on direct appeal. In Bower, the California Supreme Court held that a petitioner raising claims for the first time in a state habeas petition did not procedurally default upon those claims because they referred to matters that were outside the trial record. The court stated:
 
 
 6
 We agree that habeas corpus generally may not be used as a second appeal and that matters that could have been, but were not, raised on appeal are not cognizable on habeas corpus in the absence of special circumstances warranting departure from that rule. [Citations omitted]. It is equally well established, however, that when reference to matters outside the record is necessary to establish that at defendant has been denied a fundamental constitutional right resort to habeas corpus is not only appropriate, but required. [Citations omitted].
 
 
 7
 Id. The court went on to state that petitioner could not be denied an opportunity to present evidence outside the record on his claim of prosecutorial vindictiveness, holding that the claim was not barred. Id.
 
 
 8
 Here, Mulcahy maintains that claims four, five, and seven all refer to matters outside the trial record. He does not mention claim three. We agree that petitioner should not be denied the opportunity to present matters outside the record on claims four, five, and seven, and that he reasonably relied on California law in presenting those claims for the first time in a state habeas petition. Claim three, which challenges several jury instructions, would not seem to refer to matters outside the record, but the claim has not been briefed by the parties. We hold, however, that the procedural bar invoked by the Tuolume County Superior Court was not firmly established with respect to claims four, five, and seven, and we remand to the district court to address these claims on the merits. See Ford, 111 S.Ct. at 857-58. With respect to claim three, the district court should determine, on remand, whether petitioner intended to present any matter outside the trial record when he filed his state habeas petition.
 
 Claim 2
 
 9
 A federal habeas court should not presume that a state court order denying a claim is a denial on the merits unless it has good reason to question whether there is an independent and adequate state ground for the decision. Coleman v. Thompson, 111 S.Ct. 2546, 2557 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1992). However, where the state court order is ambiguous concerning whether it relied upon an independent and adequate state ground, a federal habeas court should presume the order to be a denial on the merits. Harris v. Reed, 489 U.S. 255, 266 (1989). The Supreme Court has recognized that this presumption works because it achieves the correct result in almost all cases, but has conceded that it will accept errors in exchange for a significant reduction in the cost of determining whether there is an independent and adequate state ground. Coleman, 111 S.Ct. at 2558.
 
 
 10
 The district court held that claim 2 of Mulcahy's petition, which contends that the trial court erred in instructing the jury to view oral admissions with caution, was procedurally barred because Mulcahy did not object to the instruction at trial. The California Court of Appeal, in ruling on this claim, stated:
 
 
 11
 Defendant's failure to request amplification of the instruction precludes him from assigning as error the trial court's failure sua sponte to provide such clarification.
 
 
 12
 The court went on to hold that the instruction did not prejudice the defendant's trial, noting that the instruction only worked to petitioner's advantage and was required by law based upon the evidence presented at trial. If petitioner's claim were that the trial court should have clarified the instruction sua sponte, then this claim may well have been barred. Mulcahy's claim, however, is that the instruction should not have been given at all. Nothing in the California Court of Appeal's decision suggests that it relied upon a procedural bar in denying this claim. The language cited by the district court merely states that Mulcahy would be precluded from raising the claim that the trial court had a duty, without objection from defense counsel, to clarify the instruction. Accordingly, the district court, on remand, shall address this claim on the merits.
 
 Claim One
 
 13
 Claim one, where petitioner contends that there was juror misconduct, was raised for the first time in his state habeas petition. The Tuolume County Superior Court denied the claim on procedural grounds. Thereafter, the California Supreme Court requested an informal response by the respondent on the merits of the claim. The respondent, however, only raised the issue of procedural bar. The California Supreme Court thereafter denied the petition in a "post-card" denial, simply stating that the petition was denied without citing to any case.
 
 
 14
 It is unclear whether the California Supreme Court relied on an independent and adequate procedural ground in denying Mulcahy's juror misconduct claim. However, we need not decide the issue because even if the California Supreme Court relied upon a procedural bar, we hold that the bar was inadequate for the same reasons as for claims three, four, five, and six. Claim one contends that there was juror misconduct, a claim which necessarily involves facts outside of the trial record. As stated earlier, Mulcahy reasonably relied on California law at the time he filed his direct appeal that claims which refer to facts outside the record must be raised in a state habeas petition and need not be raised on direct appeal. See Bower, 38 Cal.3d at 872. Therefore, on remand, the district court should address the merits of this claim.
 
 
 15
 Ineffective Assistance of Counsel on Appeal
 
 
 16
 Tactical decisions made by appellate counsel not to raise particular claims on direct appeal do not amount to ineffective assistance of counsel unless the failure to raise such claims falls below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). Here, the district court determined that Mulcahy's appellate counsel properly focused on the three issues raised on direct appeal, and was not ineffective in failing to address the claims of ineffective assistance of trial counsel, juror misconduct, and prosecutorial misconduct. We agree that failing to raise these claims on direct appeal does not fall below an objective standard of reasonableness. In holding that appellate counsel was not ineffective, however, we do not suggest that these claims are meritless. The district court did not clearly address the prejudice prong of Strickland. Moreover, because the district court determined that the claims not raised on direct appeal were procedurally barred, we assume that the court did not then address the merits of these claims in determining the ineffective assistance claim. Strickland allows for claims of ineffective assistance to be decided on either the performance or prejudice prong. Id. at 697. Our holding that counsel was ineffective for not raising the claims on direct appeal is not inconsistent with holding that these claims should be addressed on the merits, particularly because it is more proper to raise these claims on a state habeas petition under California law.
 
 Conclusion
 
 17
 We affirm the judgment of the district court with respect to the ineffective assistance claim. We reverse and remand for a consideration upon the merits with respect to the remainder of the claims. In so doing, we hold that the district court shall determine whether claim three, concerning the trial court's failure to instruct on particular elements and defenses, relates to facts outside the trial record before deciding the claim upon the merits.[1]
 
 
 18
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Mulcahy's request for oral argument