**Carl Anthony THOMAS, Petitioner–
Appellant,**

v.

**Samuel A. LEWIS, et al., Respondents–
Appellees.**

No. 90–16585.

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 1991 *.

Decided Sept. 27, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Carl Anthony Thomas, Florence, Ariz., for petitioner-appellant.

Diane M. Ramsey, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Before CHOY and SNEED, Circuit Judges, and KELLEHER,** District Judge.

KELLEHER, District Judge:

Thomas appeals the district court's dismissal of his petition for a writ of habeas corpus and the district court's subsequent denial of his motion to vacate the dismissal. For reasons set forth below, we affirm.

## I. FACTS

In a 1971 bench trial in Arizona state court, Thomas was found guilty of first-degree rape and assault with a deadly weapon.[1] Thomas appealed the convictions and sentences. The Arizona Supreme Court affirmed the trial court.[2]

In 1978, Thomas filed a petition for a post-conviction relief in state court, claiming that he was entitled to be resentenced under Arizona's new criminal code.[3] Thomas was aided by appointed counsel, but submitted pro per pleadings. The trial court summarily denied Thomas' petition.

In 1987, Thomas represented himself in filing a second petition for post-conviction relief. Thomas' petition claimed that (1) his jury trial waiver was involuntary; (2) the involuntary waiver was due to ineffective assistance of counsel; and (3) his sentences were based on false and inaccurate information. The trial court summarily de-

---

** Honorable Robert J. Kelleher, District Judge for the Central District of California, sitting by designation.

1. The court sentenced him to 90 to 99 years for the rape with a concurrent sentence of 5 to 10 years for the assault.

2. *State v. Thomas,* 110 Ariz. 106, 515 P.2d 851 (1973).

3. The new criminal code was enacted in 1978.

nied this petition and a timely motion for rehearing.

The Arizona Court of Appeals denied Thomas' subsequent petition for review, stating that Thomas' failure to raise his claims on direct appeal and in the first petition for post-conviction relief constituted waiver. The Court of Appeals also discussed the merits of Thomas' claims.[4]

The Arizona Supreme Court denied review in September of 1988 without comment.

On September 28, 1989, Thomas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the U.S. District Court, District of Arizona.[5] On November 27, 1989, the State of Arizona (the State) moved to dismiss the petition, arguing that federal habeas review was precluded because Thomas (1) procedurally defaulted in state court by failing to raise his claims on direct appeal or in the first petition for post-conviction relief; and (2) failed to show cause for the default.

Thomas responded that (1) the State could not rely on Thomas' failure to raise the claims in his first petition for post-conviction relief since the State had failed to specifically plead and prove preclusion based on this failure; (2) his failure to assert his claims on direct appeal was of no consequence since his claims were based on facts outside of the appellate record; (3) cause for his defaults, if any, existed because the U.S. District Court in Arizona had held that the Arizona penal system has grossly inadequate and constitutionally infirm library and legal assistance procedures; (4) if his claims could have been raised on direct appeal, his failure to do so was not knowing, voluntary or intentional;

and (5) the district court could reach the merits of his claims since the Arizona appeals court had reached them in an alternative holding.

The case was referred to a magistrate judge for report and recommendation. The magistrate judge recommended that Thomas' habeas corpus petition be dismissed because Thomas had committed state procedural defaults in not raising his claims on direct appeal or in his first petition for post-conviction relief, and had not shown cause for the defaults.

On May 8, 1990, the district court adopted the magistrate's recommendation and granted the State's motion to dismiss.[6] Thomas filed a motion to vacate judgment arguing that the Arizona Supreme Court's order denying review failed to make a plain statement that the denial was based on procedural defaults as required by *Nunnemaker v. Ylst*, 904 F.2d 473 (9th Cir.1990).[7] Because Thomas had cited a superseded opinion, the district court ordered him to file a supplemental memorandum discussing how *Nunnemaker*, as amended, entitled Thomas to relief. In his supplemental memorandum, Thomas argued that his entitlement to relief was not changed by *Nunnemaker*, but Thomas failed to actually discuss *Nunnemaker*.

On September 21, 1990, the district court denied Thomas' motion to vacate, holding that Thomas had not complied with its order in that he had merely reargued what he had previously argued in his original response to the State's motion to dismiss, and had failed to argue how *Nunnemaker* affected his case. The court treated the motion as a motion to reconsider and discussed the inappropriateness of asking the

---

**4.** The court concluded (1) that appellant's waiver of his right to a jury trial was valid; (2) that counsel's performance was not ineffective; and (3) that the trial court's errors during sentencing constituted harmless error.

**5.** *Thomas v. Lewis*, CV 89–1602–PHX–CAM (MM).

**6.** The court held that (1) the State had plead preclusion on the basis of Thomas' failure to raise his claims in his first petition for post-conviction relief; (2) the Arizona appeals court

specifically found preclusion based on Thomas' failure to raise his claims on direct appeal and in the first petition for post-conviction relief; and (3) the magistrate correctly found that Thomas had not shown cause for the default since Thomas failed to allege that he, himself, had been denied access to the prison law library and could therefore not rely on poor access as cause.

**7.** *Nunnemaker* has since been overruled by the Supreme Court.

court to rethink what it had already thought through. Thomas then filed this timely appeal.

## II. DISCUSSION

### A. *Dismissal of Appellant's Petition*

#### 1. *Standard of review*

█ This court reviews a district court's denial of habeas corpus relief *de novo. Cocio v. Bramlett,* 872 F.2d 889 (9th Cir. 1989).

#### 2. *Analysis*

The dismissal of Thomas' habeas corpus petition was proper under the Supreme Court's recent decisions in *Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and *Ylst v. Nunnemaker,* — U.S. —, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), overruling *Nunnemaker v. Ylst,* 904 F.2d 473 (9th Cir.1990).

█ The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims. *Ylst,* — U.S. —, 111 S.Ct. 2590; *Wainwright v. Sykes,* 433 U.S. 72, 87–88, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). To aid courts that are unsure whether an ambiguous state court judgment referring to state law sets forth an adequate and independent state ground for its judgment, the Supreme Court developed a presumption: federal courts on habeas corpus review of state prisoner claims are to presume that there is no independent adequate state ground for a state court decision when the decision fairly appears to rest primarily on a federal law unless the state court's opinion contains a "plain statement" that its decision rests upon independent and adequate state grounds. *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

█ *Coleman* significantly undercuts *Harris* by cutting away the "plain statement" part of the presumption. *Coleman* makes it clear that the *Harris* presumption is to be applied only after it has been determined that the relevant state court decision fairly appears to rest primarily on federal law or is interwoven with federal law. Whether there is a plain statement from the state court is not the first or most significant inquiry. "[I]n those cases in which it does not fairly appear that the state court rested its decision primarily on federal grounds, it is simply not true that the 'most reasonable explanation' is that the state judgment rested on federal grounds." *Id.* — U.S. at —, 111 S.Ct. at 2558. Only where a federal court has good reason to question whether there is an independent and adequate state ground for the decision will the *Harris* presumption apply. *Id.* — U.S. at —, 111 S.Ct. at 2559.

The Supreme Court's holding in *Ylst* helps federal courts determine whether the *Harris* presumption applies in cases where the last state court order does not disclose the reason for its judgment. *Ylst* holds that "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* — U.S. at —, 111 S.Ct. at 2594. Where "the last reasoned opinion on the claim explicitly imposes a procedural default, [the courts are to] presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.* The presumption may be rebutted with "strong evidence." [8]

##### a. Did Thomas procedurally default in state court?

█ Thomas petitioned for federal habeas corpus relief after both the Arizona Court of Appeals and the Arizona Supreme Court denied his motions for rehearing and

---

8. For example, the presumption may be rebutted if the appellant shows that the last reasoned state court opinion relied upon a procedural default which a retroactive change in the law had since eliminated as a basis of decision. *See id.* — U.S. at —, 111 S.Ct. at 2595.

review of his second petition for post-conviction relief. The Arizona Supreme Court denied review in September of 1988 without comment.

In its decision memorandum, the appeals court unequivocally held that Thomas' failure to raise his claims on direct appeal and in the first petition for post-conviction relief constituted waiver of those claims. After finding that petitioner had waived "all the issues" and discussing preclusion under Arizona law, the court discussed the merits of Thomas' claims. Significantly, the court prefaced its discussion of the merits by stating that "[e]ven if [Thomas'] claims were not waived, relief would be denied."

In his appeal to this court, Thomas argues that the appellate court indicated that its decision rested on both federal and state law when it concluded that "[f]or all of the foregoing reasons, review is denied." Thomas' argument lacks merit, however, since the appeals court finding of preclusion based on state law is clearly an independent and adequate state ground for the decision under *Coleman.*

Pursuant to *Coleman* and *Ylst,* we affirm the district court's dismissal since (1) the last reasoned state court judgment on the matter was the appeals court's refusal to review Thomas' second petition for post-conviction relief, and (2) that opinion explicitly advances an independent and adequate state ground for its decision.

### b. Did Thomas show cause for the default?

■ When a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* ── U.S. at ──, 111 S.Ct. at 2565. "Cause" is a legitimate excuse

for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir.1984), *cert. denied,* 490 U.S. 1068, 109 S.Ct. 2070, 104 L.Ed.2d 635.

■ Thomas argued to the district court that cause existed because the United States District Court in Arizona had determined that the law library and legal assistance procedures in the Arizona penal system were grossly inadequate and constitutionally infirm.[9] The district court held that Thomas could not rely on poor access to the prison law library as cause because he failed to demonstrate that he, himself, had been denied access to the library. In addition, the court felt that Thomas' pro se pleadings reflected adequate access to and use of legal materials. The court found it significant that the Arizona appeals court in its memorandum decision, noted that Thomas' pleadings reflected knowledge of applicable statutes, cases and court rules.

Because Thomas does not discuss cause in his brief to this court, and because the record below does not demonstrate cause, we affirm the district court's finding that Thomas failed to show cause excusing his procedural defaults.[10]

## B. *Denial of Motion to Vacate*

### 1. *Standard of review*

■ This court reviews a district court's denial of a motion to vacate judgment for abuse of discretion. *Molloy v. Wilson,* 878 F.2d 313 (9th Cir.1989).

### 2. *Analysis*

■ The district court denied the motion to vacate because Thomas failed to comply with its order to file a supplemental brief discussing how *Nunnemaker,* as amended, entitled Thomas to relief. Thomas did no more than reargue the substance of his opposition to the motion to dismiss his habeas petition. Thomas' failure to comply with the order left the district court with nothing before it which suggested that it

---

**9.** Thomas cites *Gluth v. Kangas,* 773 F.Supp. 1309 (Ariz.1988).

**10.** A finding of lack of cause eliminates the need to discuss whether Thomas was prejudiced.

should vacate its earlier order. Clearly the district court did not abuse its discretion by denying Thomas' motion to vacate. We therefore affirm the district court's denial.

Both the district court's dismissal of appellant's habeas corpus petition and the denial of appellant's motion to vacate are

AFFIRMED.