988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Dean BINGMAN, Petitioner-Appellant,
v.
Jack MCCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 91-36197.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CV-89-177-PGH, Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Dean Bingman, a Montana state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Bingman contends that the trial court violated his due process rights by excluding expert testimony and by sentencing him on the basis of a prior uncounseled conviction. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Bingman contends that the district court erred in excluding expert testimony offered to show his inability to form the requisite mental state for the crime of witness tampering. This contention is without merit.
 
 
 4
 State court evidentiary rulings cannot provide a basis for habeas corpus relief unless federal constitutional rights are affected. Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir.1987). A state court's decision to exclude evidence must be so prejudicial as to infringe on a defendant's due process rights in order to merit habeas corpus relief. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). To determine whether exclusion of evidence violates a defendant's due process rights, this court must consider the probative value of the evidence on the central issue, the reliability of the evidence, whether the evidence is capable of evaluation by the trier of fact, whether the evidence is merely cumulative or is the sole evidence on the issue, and whether the evidence constitutes a major part of the attempted defense. Id.; Perry v. Rushen, 713 F.2d 1447, 1452-53 (9th Cir.1983), cert. denied, 469 U.S. 838 (1984). We must then balance the importance of the evidence against the state's interest in excluding the evidence. Tinsley, 895 F.2d at 530; Perry, 713 F.2d at 1452.
 
 
 5
 Bingman sought to introduce expert testimony from his physician on the effect of combining Stadol, a prescription drug, with alcohol. His defense to the charge of witness tampering was that he was so intoxicated from this combination of drugs that he lacked a purposeful or knowing mental state, and thus did not commit the crime.
 
 
 6
 The excluded evidence has some probative value on the question of Bingman's mental state. However, expert testimony on the possible effects of mixing alcohol and Stadol is not necessarily probative of Bingman's actual mental state at the time of the crime. Further, the evidence is cumulative. Several witnesses testified regarding Bingman's intoxication. Bingman himself testified regarding the effect of his drug use on his behavior. Thus, although the evidence appears reliable and capable of evaluation by the trier of fact, the excluded evidence was cumulative and less probative than evidence actually introduced at trial. The excluded evidence is not sufficiently critical to Bingman's defense to overcome the state's strong interest in administration of its criminal trials. See Perry, 713 F.2d at 1452. Bingman was not prevented from presenting evidence regarding his intoxication. Accordingly, Bingman's due process rights were not violated by the exclusion of the expert testimony. See id. at 1455.
 
 
 7
 Bingman next contends that his sentence was improperly enhanced on the basis of a prior felony conviction that was unconstitutional because Bingman was denied the right to counsel. This contention is without merit.
 
 
 8
 If a sentencing court gave explicit consideration to a prior uncounseled conviction in imposing a sentence, the defendant is entitled to resentencing. United States v. Tucker, 404 U.S. 443, 449 (1972). To successfully challenge a sentence on this basis, the defendant must show that the prior conviction was unconstitutional, and that the sentencing judge mistakenly believed it to be valid and used it to enhance the defendant's sentence. United States v. Williams, 782 F.2d 1462, 1466 (9th Cir.1985). However, if "the sentencing judge is aware of the infirmities in a prior conviction, and nothing in the record shows that the prior conviction was used to enhance the sentence imposed, no Tucker error has occurred." Id. at 1467.
 
 
 9
 Bingman alleges that his felony conviction in 1982 for writing a bad check was unconstitutional, because he was not represented by counsel.[1] However, Bingman has not offered any proof that the conviction was unconstitutional. Furthermore, there is no indication that the sentencing judge considered this felony in designating Bingman a dangerous offender. Montana law requires a sentencing judge to designate a defendant dangerous if he has been convicted of a felony in the last five years, or if the court determines, based on the presentence report and the evidence presented at trial, that the defendant poses a substantial danger to society. See Mont.Code Ann. § 46-18-404 (1991). In designating Bingman a dangerous offender, the sentencing court specifically relied on the brutality of the attack, rather than on the prior felony conviction.[2] Because Bingman has offered no evidence that the felony conviction was unconstitutional, and there is no indication that the conviction was considered in enhancing Bingman's sentence, Bingman is not entitled to resentencing. Id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his appeals in the Montana state courts, Bingman argued that a different felony conviction (a conviction in 1974 for assault) was uncounseled. However, the state produced evidence that Bingman had waived his right to counsel on that charge. Bingman then argued, to the Montana Supreme Court, that the conviction he now challenges was unconstitutional, because "Bingman seems to either have not been represented by counsel on that occasion (the check charge) or to have been represented very badly." Appellant's Brief to the Montana Supreme Court at 27. Here, Bingman contends that the check-writing conviction was in fact uncounseled, but offers no proof of that claim
 
 
 [2]
 The sentencing judge gave the following reason for designating Bingman a dangerous offender: "since my time on the bench of seven years ... this is the most vicious beating that I've ever encountered, and obviously you have no respect for the law whatsoever.... Luckily you didn't kill that man."