988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.D. ADAMS, Petitioner-Appellant,
v.
Robert G. BORG, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 89-55322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-88-2359-WMB, William Matthew Byrne, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.D. Adams, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Adams contends that he was denied his due process right to be tried by a jury drawn from a fair cross-section of the community, in violation of the sixth and fourteenth amendments. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Adams challenges the Los Angeles County Superior Court's interpretation of a former California statute that stated: "in the county of Los Angeles no juror shall be required to serve at a distance greater than 20 miles from his or her residence." Cal.Civ.Proc.Code § 203 (West 1982).[1] At the time of Adams's trial, this 20 mile requirement was interpreted as the distance actually traveled by jurors to get to the courthouse. Adams contends that the 20 mile distance should have been measured instead "as the crow flies," and that the court's failure to follow this alternative interpretation greatly reduced the number of Blacks eligible to serve on his jury. This contention is without merit.
 
 
 4
 The sixth amendment requires that juries must be drawn from a fair cross-section of the community. Taylor v. Louisiana, 419 U.S. 522, 528 (1975). In order to establish a violation of the fair cross-section requirement, a defendant must show (1) that the allegedly excluded group is a distinctive group in the community; (2) that the representation of the group in venires from which juries are selected is not fair and reasonable in comparison to the number of members of that group in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979); United States v. Sanchez-Lopez, 879 F.2d 541, 546-47 (9th Cir.1989).
 
 
 5
 Adams does not challenge the 20 mile limitation, only the Superior Court's interpretation of the statute as travelling distance. The California Court of Appeal, in considering Adams's direct appeal of his conviction, upheld the Superior Court's interpretation as reasonable.[2] Therefore, Adams is challenging the state court's interpretation of its own statute. Such a challenge is not cognizable in habeas corpus unless the state court's erroneous application of a state law violates the federal constitution. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").
 
 
 6
 Adams argues that the Superior Court's interpretation of the statute violates his sixth amendment right to a jury drawn from a fair cross-section of the community. His contention implicitly rests on the theory that the Superior Court of Los Angeles County has improperly limited the community from which jurors are drawn by only selecting jurors who live within 20 miles travelling distance of the court.
 
 
 7
 There is very little caselaw discussing how a community is defined for sixth amendment purposes. In Bradley v. Judges of Superior Court for Los Angeles County, 531 F.2d 413 (1976), this court rejected an argument that juries for cases tried in the Central District of Los Angeles had to be selected from that district, rather than from the county of Los Angeles. In response to the defendant's argument that the Central District is a distinct community for sixth amendment purposes, we stated: "This court is loath to attempt to discover or define communities, in Southern California or anywhere else." Id.[3]
 
 
 8
 Adams has given no reason, nor can this court discern any, for defining the area which lies within a 20 mile radius of the San Fernando Court House as a community for sixth amendment purposes. Moreover, he has not shown that the venire from which his jury was drawn did not represent a fair cross-section of the community, as defined by the statutes and courts of California. Because Adams has not established the violation of any constitutional right, the district court did not err in dismissing his petition for habeas corpus.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Adams's request for oral argument and his motion for appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This statute has since been repealed
 
 
 [2]
 The California Court of Appeals stated: "Jurors do not travel to court as the crow flies.... The court administrator's interpretation of the 20-mile limit as actual driving distance is reasonable in light of the statutory scheme, and appellant's interpretation is not."
 
 
 [3]
 The California Supreme Court has recently held that the community from which jurors must be drawn is the judicial district where the trial is held. Williams v. Superior Court, 781 P.2d 537 (Cal.1989). However, this case does not explicitly address the 20 mile limitation, because that statute had already been repealed. Id. at 540