990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben Gonzales SAENZ, Petitioner-Appellant,
v.
Charles D. MARSHALL, Respondent-Appellee.
 No. 92-56126.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Gonzales Saenz, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for robbery within a residence and assault with a deadly weapon. Saenz contends that his fourteenth amendment right to a fair trial was violated because a former codefendant appeared before the jury for identification while dressed in prison clothing. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Saenz's former codefendant was brought into the courtroom in prison clothing so the victim could identify him as having been with the appellant at the time of the robbery. The jury was not told that the person was a former codefendant. The jury was given an instruction that the victim's ability to identify the other alleged perpetrators of the criminal act should be considered in determining the victim's credibility as a witness.
 
 
 4
 Defendants in a criminal trial may not be required to wear prison garb over their objection. To do so would violate the due process right to a fair trial, and specifically, the presumption of innocence. Estelle v. Williams, 425 U.S. 501, 503-05 (1976); United States v. Rogers, 769 F.2d 1418, 1420-21 (9th Cir.1985).
 
 
 5
 Here, it was a former codefendant who wore the prison clothing, not the defendant. Estelle does not extend to a witness in prison garb, and there are no cases in this circuit or in other circuits specifically holding that witnesses must also be dressed in street clothing. But cf. United States v. Carter, 522 F.2d 666, 677 (D.C.Cir.1975) (criticizing the practice in dictum). Therefore, the district court did not err in concluding that the former codefendant's brief appearance as a witness did not infringe any constitutionally protected right. Moreover, as the district court found, even if Estelle were held to apply, the error would have been harmless. See Estelle, 425 U.S. at 506 (harmless error doctrine applicable to this line of cases). The prosecution's case was strong. The victim had an opportunity to observe Saenz at close range during the robbery. The victim positively identified Saenz as the robber in a photo-spread, and the victim further testified that he was positive that Saenz was the robber. Accordingly, we affirm the denial of Saenz's habeas corpus petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3