995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin SLOAN, Petitioner-Appellant,
v.
Charles D. MARSHALL, Respondent-Appellee.
 No. 92-56264.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 27, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Sloan, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Sloan contends that his state appeal was excessively delayed in violation of his due process rights. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Excessive delay in the appellate process may give rise to a due process claim. Coe v. Thurman, 922 F.2d 528, 530 (9th Cir.1990). This court considers the following four factors in determining whether or not the delay has been excessive enough to constitute a due process violation: (1) the length of delay; (2) the reason for delay; (3) the petitioner's assertion of his right; and (4) prejudice to the petitioner. Id. at 531. The district court applied these four factors, and found no due process violation. We agree.
 
 LENGTH OF DELAY
 
 4
 Sloan filed his notice of appeal in the California Court of Appeal on October 19, 1989. The Court of Appeal issued its opinion affirming Sloan's conviction on February 26, 1993. Thus, a total of three years and four months elapsed between the time Sloan filed his notice of appeal and the Court of Appeal reviewed his conviction. A period exceeding three years is comparable to the length of time where this court has previously found a due process violation. See id. "[H]owever, there is no talismanic number of years or months, after which due process is automatically violated." Id. We therefore turn to the other three factors.
 
 REASON FOR DELAY
 
 5
 A period of 21 months passed from October, 1989 to July, 1991 before the trial record was filed. The delay in filing the trial record was caused by a court reporter who was fined $500.00 by the Court of Appeal. This delay is attributable to the state. See id.
 
 
 6
 However, further delay was not attributable to the state. Sloan's attorney filed a motion to augment the record beyond the standard record on appeal. The motion was granted, and the court reporter was ordered to prepare an augmented record, delaying the case further. Another year and a-half elapsed before the Court of Appeal filed its final decision on February 26, 1993. Respondents argue that in light of the voluminous record and the complexity of the appeal, this further delay was not unreasonable. We agree. The record consisted of over two-thousand pages before augmentation. Sloan was convicted in the California Superior Court of murder and two attempted murders; his appeal raised several claims of error.
 
 PETITIONER'S ASSERTION OF HIS RIGHT
 
 7
 We agree with the district court that Sloan acted with diligence in asserting his right to a direct appeal. Sloan's counsel complained on several occasions and requested preparation of the trial record.
 
 PREJUDICE TO PETITIONER
 
 8
 To determine whether the petitioner has been prejudiced by appellate delay, this court looks to the following three factors: (1) oppressive incarceration pending appeal; (2) anxiety and concern of the prisoner awaiting the outcome of the appeal; and (3) impairment of the convicted person's grounds for appeal or the viability of the defense in case of retrial. See id. at 532 (citation omitted).
 
 
 9
 "As to the first [prejudice factor], the incarceration would be unjustified and thus oppressive were the appellate court to find ... [the petitioner's] conviction improper. If it affirms the conviction, however, the incarceration will have been reasonable." See id. at 532. Because the appellate court has affirmed Sloan's conviction, the incarceration was reasonable. See id. With regard to the second prejudice factor, Sloan has no doubt experienced anxiety concerning his appeal, but not more than " 'any other prisoner awaiting the outcome of an appeal.' " See id. (citation omitted). Finally, as to the third prejudice factor, Sloan has not established how the passage of time prejudiced the viability of his defense. Therefore, he has not shown prejudice from the appellate delay. Cf. id.
 
 
 10
 We conclude that appellate delay has not caused a due process violation in this action. Accordingly, the district court did not err by dismissing Sloan's habeas petition.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sloan's state court appeal was pending when he filed this habeas petition alleging excessive delay by the state court. Where, as here, excessive delay in obtaining an appeal is the basis of a petitioner's habeas claim, exhaustion is not required. See Coe v. Thurman, 922 F.2d 528, 530-32 (9th Cir.1990). Thus, Sloan's habeas petition was properly before the district court. See id
 We construe the district court's dismissal of Sloan's habeas petition as a dismissal without prejudice to the filing of a habeas petition on the merits, so that Sloan will not be barred from challenging the merits of his conviction under McKlesky v. Zant, 111 S.Ct. 1454, 1468 (1991), once he has exhausted his state remedies.