2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alberto Santos GUTIERREZ, Petitioner-Appellant,
v.
E.R. MYERS, Warden, Respondent-Appellee.
 No. 93-15289.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alberto Santos Gutierrez, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Gutierrez was convicted for being a felon in possession of a firearm, possession of drug paraphernalia, and being present in a place where controlled substances were being used. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Gutierrez contends that the trial court erred by denying his motion to suppress evidence obtained through an illegal search and seizure in violation of his Fourth Amendment rights. The district court ruled that this claim was not cognizable in a federal habeas proceeding. We agree.
 
 
 4
 The Supreme Court has ruled that "where the State provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494 (1976).
 
 
 5
 Here, there was a contested suppression hearing in which Gutierrez's motion was denied. The California Court of Appeal affirmed Gutierrez's conviction, and the California Supreme Court denied a petition for review. Because Gutierrez had a full and fair opportunity to litigate his Fourth Amendment claim in state court, and did litigate this claim, the district court did not err by denying habeas relief on this ground. See id.
 
 
 6
 Gutierrez next contends that certain statements made to the police were obtained in violation of his Miranda rights, and that the district court therefore erred by denying his habeas petition. This contention lacks merit.
 
 
 7
 The factual findings of a state court are accorded a presumption of correctness under 28 U.S.C. 2254. Sumner v. Mata, 449 U.S. 539, 544-47 (1985). Miranda warnings are applicable only to custodial interrogation. See Oregon v. Elstad, 470 U.S. 298, 309 (1985). Interrogation constitutes government express questioning or the functional equivalent. Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). The test for interrogation is whether the police knew or should have known that their words or conduct would likely elicit an incriminating response. See id. Voluntary statements are not subject to Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 478 (1966); United States v. Booth, 669 F.2d 1231, 1237 (1981) (spontaneous or volunteered statement of suspect in custody admissible in absence of Miranda warnings). A statement is voluntary if it is a product of rational intellect and free will. Innis, 446 U.S. at 301.
 
 
 8
 Gutierrez specifically challenges the admissibility of his statements that his fingerprints were on the gun, that he was an "ex-con," and that he lived in the room where the evidence was seized.
 
 
 9
 The state court found that Gutierrez's statements were admissible because they were spontaneous, or made at a time he was not in custody. The state court's factual findings are presumed correct. See Sumner, 449 U.S. at 544-47.
 
 
 10
 Further, the record supports the district court's findings that these statements were admissible. Gutierrez was not in custody at the time he made the statement that he lived in the room. See Elstad, 470 U.S. at 309 (Miranda warnings applicable to custodial interrogation). As the officer was about to arrest a woman present in the room, Gutierrez stated that his prints were on the gun. As the district court concluded, "[n]o reasonable officer would expect to have elicited such an incriminating response upon the arrest of another person." The district court further found that there was no evidence that the officer coerced the petitioner into admitting he was an ex-con. This statement was made while the officer was viewing the room. Because these statements were voluntary, or not the product of interrogation, there was no Miranda violation. See Innis, 446 U.S. at 300-01 (test for interrogation); Miranda, 384 U.S. at 478 (voluntary statements not subject to Miranda warnings); Booth, 669 F.2d at 1237 (spontaneous statements admissable). Accordingly, the district court did not err by denying Gutierrez's Sec. 2254 petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3