999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DAWSON, Petitioner-Appellant,
v.
James THOMAS, et al., Respondent-Appellee.
 No. 92-16519.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Dawson, an Arizona state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court determined that Dawson's petition was successive, and dismissed the petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We vacate and remand for further proceedings.
 
 
 3
 A petition is successive and may be dismissed if it raises no grounds for relief that are new or different from the claims raised in earlier petitions, and the claims raised have previously been decided on the merits. Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 
 4
 The petition before this Court is Dawson's third petition for habeas corpus relief. Dawson's first petition was dismissed without prejudice for failure to comply with the requirements of Rule 2(c), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which instructs the petitioner to state specific facts to support his claims for relief. Dawson's second petition was dismissed without prejudice for failure to exhaust state remedies. Both dismissals were affirmed by this Court.
 
 
 5
 The district court determined that Dawson's present petition was successive. Because neither of Dawson's earlier petitions was decided on the merits, however, we find that the petition should not have been dismissed as successive. See Rule 9(b), 28 U.S.C. foll. § 2254.
 
 
 6
 In an alternative holding, the district court determined that Dawson had procedurally defaulted his claims by failing to raise them in the state court. If a state procedural rule prevents a petitioner from raising his claims for relief in state court, federal habeas review of the claims is barred unless the petitioner can show cause for his procedural default and actual prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 7
 It is not clear from the record that Dawson has procedurally defaulted his claims. This court previously determined that Dawson has not exhausted his available state remedies. In affirming the district court's dismissal of Dawson's second habeas petition, we rejected Dawson's argument that exhaustion of state remedies would be futile: "State remedies are still available to him, and he must file a Rule 32 petition for post-conviction relief before a court may consider his claims in a section 2254 habeas corpus petition." There is no indication in the record that Dawson has attempted to file a Rule 32 petition.
 
 
 8
 Because the district court is in the best position to determine whether Dawson has any available state remedies, we remand for further proceedings. If the district court finds that state remedies exist, we direct the district court to dismiss the petition without prejudice for failure to exhaust, and instruct Dawson to file a Rule 32 petition. If the district court finds that no state remedies exist, the district court shall dismiss the petition on procedural default grounds.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3