8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chris Charles CHAMBERS, Petitioner-Appellant,
v.
NEVADA ADULT PROBATION DEPARTMENT, et al., Respondents-Appellees.
 No. 92-16869.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 1, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chris Chambers, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Chambers contends that he is entitled to an immediate hearing on a probation violation warrant issued by the State of Nevada. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Chambers was arrested, convicted, and imprisoned in Arizona for a crime committed on April 14, 1988, while he was on probation from the State of Nevada. Consequently, the State of Nevada Department of Parole and Probation prepared a probation violation report, and issued a warrant on May 8, 1988. Chambers filed a § 2254 petition for habeas corpus, in which he contends that he is immediately entitled to a probation violation hearing on the basis of the probation violation warrant issued by the Nevada Department of Parole and Probation. He states that the State of Nevada District Court has refused to give him a hearing until he has served his Arizona sentence. Chambers' Arizona sentence expires on April 7, 1998.
 
 
 4
 The respondents argued below that Chambers' § 2254 petition should be dismissed because he had failed to exhaust state remedies. Nonetheless, regardless of whether a prisoner has exhausted state remedies on a habeas claim, the district court may summarily deny the claim if it is clear from the face of the petition that the prisoner is not entitled to relief. Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983) (citing Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254).
 
 
 5
 Chambers' contention that he is constitutionally entitled to a hearing by the State of Nevada on probation violation charges before his Arizona sentence expires lacks merit. See Moody v. Daggett, 429 U.S. 78, 85-86 (1976) (parole revocation); Carchman v. Nash, 473 U.S. 716, 723 (1985) (probation revocation); see also United States v. Wickham, 618 F.2d 1307, 1309 n. 3 (9th Cir.1979) (speedy revocation hearing protection under the due process clause is not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release). Chambers has been deprived of no constitutionally protected right simply by issuance of a probation violation warrant. See Moody, 429 U.S. at 89. Therefore, Chambers does not have a right to a probation revocation hearing until he is being held in custody on the basis of the probation violation warrant. See id. Accordingly, the district court did not err by denying Chambers § 2254 petition. Griggs, 695 F.2d at 1198.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3