26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry PRINCE, Petitioner-Appellant,
v.
Charles MARSHALL; Attorney General of the State of
California, Respondents-Appellees.
 No. 93-56466.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Prince, a California state prisoner, appeals the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Prince was convicted, following a jury trial, for first degree murder with the special circumstance that he committed the murder during a robbery, and he was sentenced to life imprisonment without the possibility of parole. He contends that he received ineffective assistance of appellate counsel in state court. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the result of the proceeding would have been "fundamentally unfair or unreliable." Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). Thus, there is no prejudice if counsel fails to raise a claim based upon a case that is later overruled. Id. at 843.
 
 
 4
 Prince contends that his appellate attorney was ineffective in failing to challenge his conviction pursuant to Carlos v. Superior Court, 35 Cal.3d 131 (1983), which held that the trial court was required to instruct the jury that before it could find the defendant guilty of the felony-murder special circumstance, it had to find that the defendant had the specific intent to kill. The California Supreme Court decided Carlos while Prince's direct appeal was pending in the California Court of Appeal. In 1987, however, the California Supreme Court overruled Carlos in relevant part. People v. Anderson, 43 Cal.3d 1104 (1987).
 
 
 5
 Prince argues that unlike in Fretwell, his attorney's error was related to the guilt phase, rather than the penalty phase, of trial. Moreover, unlike in Fretwell, the initial favorable ruling in Carlos was imposed by a state court rather than a federal court. These are distinctions without a difference. See Fretwell, 113 S.Ct. at 843 ("defendant has no entitlement to the luck of a lawless decisionmaker" (quotations omitted)). We affirm the district court's determination that Fretwell precludes Prince's claim.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3