28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph S. GREENE, Petitioner-Appellant,
v.
James McFADDEN, Warden, et al., Respondents-Appellees.
 No. 94-15152.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 10, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph S. Greene, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Greene contends that his convictions for sexual assault, kidnapping, and aggravated assault were based on evidence obtained through an unconstitutional search. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Because Greene has litigated the legality of the search at issue in the Arizona state courts, he has no available remedy in federal habeas corpus. See id.
 
 
 4
 Greene contends that he did not receive a full and fair hearing on his Fourth Amendment claims because he was denied an opportunity to present argument on the existence of exigent circumstances. The trial court granted his suppression motion based on a lack of consent to the search, and did not address the exigent circumstances claim. The Arizona Supreme Court later reversed the trial court, finding that the search was justified by exigent circumstances, and thus that the suppression motion should not have been granted.
 
 
 5
 However, we have previously held that a petitioner has not been denied a full and fair hearing simply because a state reviewing court relies on evidence not presented at the suppression hearing. See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933 (1983). Where, as here, a petitioner has the opportunity to raise claims in an evidentiary hearing on a motion to suppress, he has received a full and fair hearing within the meaning of Stone.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Greene's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3