29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton Jackson FALES, Petitioner-Appellant,
v.
INDETERMINATE SENTENCE REVIEW BOARD; Kathryn BAIL,
Respondents-Appellees.
 No. 93-36178.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton Jackson Fales, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court determined that Fales had procedurally defaulted on his claims that he was unconstitutionally denied release on parole. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Fales contends that the Indeterminate Sentence Review Board (ISRB) violated his rights under state law and the Due Process Clause in denying his request for parole release. The district court determined that Fales's due process claims had not been properly exhausted because Fales did not specifically allege that state law created a protected liberty interest in parole in his filings in state court. We need not decide whether Fales's citation of the Due Process Clause was sufficient to apprise the state court of the nature of his federal claims, because his due process arguments are clearly without merit. See Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir.1993) (court has jurisdiction to consider unexhausted claims in a mixed petition if claims do not rise to the level of a constitutional deprivation).
 
 
 4
 Fales contends that the ISRB violated his due process rights by failing to follow various state laws in denying his request for parole release. To assert a valid due process claim, a petitioner must first demonstrate that he has a constitutionally protected liberty interest with which the state has interfered. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A protected liberty interest may arise from the Due Process Clause itself or from state law. Id. There is no federal constitutional right to parole. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Furthermore, both this court and the Washington Supreme Court have held that Washington law does not create a federally protected liberty interest in parole. See Mayner v. Callahan, 873 F.2d 1300, 1301 (9th Cir.1989); In re Ayers, 713 P.2d 88, 89 (Wash.1986) (en banc). Accordingly, Fales's due process claims must fail.
 
 
 5
 Because Fales's remaining contentions address matters solely of state law, they are not cognizable in habeas corpus. See Estelle v. McGuire, 112 S.Ct. 475, 482 (1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Fales's request for oral argument is denied
 
 
 *
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3