38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Herman GARDNER, Petitioner-Appellant,
v.
James GOMEZ, Director of Corrections; Daniel E. Lungren,
Respondents-Appellees.
 No. 94-55545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herman Gardner, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Gardner was convicted of second degree murder for beating his brother to death with a baseball bat. He was sentenced to a determinant sentence of eleven years, with a consecutive indeterminant term of fifteen years to life. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Brewer, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 In his petition, Gardner claimed that (1) the prosecutor was guilty of misconduct by arguing for a second degree murder conviction under a theory of both express and implied malice; (2) trial counsel was ineffective in failing to object to the prosecutor's improper argument; and (3) appellate counsel was ineffective in not properly addressing the prosecutor's implied malice argument on appeal. Gardner's claims lack merit.[1]
 
 
 4
 To demonstrate ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "Counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In reviewing a collateral challenge based on a "trial-type" error, a federal court will not reverse a conviction unless the petitioner shows that the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946). A "trial-type" error is one which occurs during the presentation of the case to the jury. Id. at 1717.
 
 PROSECUTORIAL MISCONDUCT
 
 5
 The standard of review on habeas corpus is whether a prosecutor's improper conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. Darden v. Wainright, 477 U.S. 168, 181 (1986) (quotation omitted). We hold there was no denial of due process to warrant habeas relief to the petitioner.
 
 
 6
 At petitioner's trial, the prosecutor argued for a second degree murder conviction based on both express and implied malice theories, even though the only instruction given to the jury on second degree murder required a finding of express malice.[2] The prosecutor argued at length about express malice; his mention of implied malice was contained in ten lines of transcript.
 
 
 7
 The magistrate judge found that while the prosecutor should have argued only express malice, there was no evidence that the prosecutor intended to mislead the jury.[3] Further, the reading of the prosecutor's argument as a whole did not lead to a conviction which was a denial of due process. See id.
 
 
 8
 Finally, even assuming error, the magistrate judge found that Gardner was not entitled to habeas relief because he did not show that the "trial-type" error, "had substantial and injurious effect or influence in determining the jury's verdict." See Brecht, 113 S.Ct. at 1714. We agree.
 
 
 9
 Here, there was substantial evidence to show that Gardner killed his brother with express malice. Gardner brutally beat his brother with a baseball bat, delivering several blows to his back, head, and shoulders. While he was beating his brother Gardner stood over him and said: "Die, you mother fucker, die. I told you I was going to kill you." Gardner exited the bedroom, paced about, talked to house guests, and then re-entered the bedroom to deliver the fatal blows, stating: "Die, mother fucker, die. Look, he won't even die." These facts show an express intent to kill. Thus, appellant has not shown that he is entitled to habeas relief. See id.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS
 
 10
 Similarly, based on the above discussion, even assuming attorney error, we hold that appellant is unable to show a reasonable probability that the result would have been different. See Strickland, 466 U.S. at 687, 694 (to demonstrate ineffective assistance, defendant must show that counsel's deficient performance prejudiced his defense).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gardner did not expressly raise the first claim on appeal. However, we liberally construe the opening brief to include the claim, which is the basis for his ineffective assistance of counsel claims
 
 
 [2]
 The jury instruction read as follows:
 Murder of the second degree is the unlawful killing of another with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation. CALJIC 8.30.
 
 
 [3]
 Originally, the prosecutor requested instructions on both express and implied malice to support the second degree murder charge. However, the prosecutor later withdrew the implied malice instruction, and decided to rely on the stronger express malice theory. Under California law, a defendant may be convicted for second degree murder under a theory of either express or implied malice