81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sterling Steve JONES, Petitioner-Appellant,
v.
Rosie GARCIA, Respondent-Appellee.
 No. 95-15149.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sterling Steve Jones, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Jones contends that he received ineffective assistance of counsel both at trial and on appeal. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 * Ineffective Assistance of Trial Counsel
 
 
 4
 Jones contends that he received ineffective assistance of counsel at trial because counsel failed to object to: (1) the systematic exclusion of African-Americans from the jury in violation of the Sixth Amendment, and (2) expert testimony about, and admission of, a fingerprint found at the scene of the robbery. This contention lacks merit.
 
 
 5
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 The Sixth Amendment requires that juries must be drawn from a fair cross-section of the community. Taylor v. Louisiana, 419 U.S. 522, 528 (1975). In order to establish a violation of the fair cross-section requirement, a defendant must show: (1) that the allegedly excluded group is a distinctive group in the community; (2) that the representation of the group in venires from which juries are selected is not fair and reasonable in comparison to the number of members of that group in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979).
 
 
 7
 Here, Jones alleges that the prosecutor approached the only two African-Americans in the courtroom prior to jury selection and that the two African-Americans then left the courtroom. Jones further alleges that he informed his counsel of the incident, but counsel failed to object. We agree with the district court that Jones fails to state a Sixth Amendment violation because the alleged incident does not constitute systematic exclusion of African-Americans from the jury-selection process. See id.
 
 
 8
 We also reject Jones contention that counsel should have objected to expert testimony on, and admission of, a fingerprint found at the scene of the robbery. Jones contends that the fingerprint should not have been admitted because the prosecution's fingerprint identification expert had not received training prior to joining the police department. The witness testified that he had been a fingerprint identification technician for two years, received training in that position and testified at three previous trials. In California, a person may testify as an expert if he or she has "special knowledge, skill, experience, training or education." Cal.Evid.Code § 720 (West 1990). Because there is a reasonable likelihood that any objection counsel made would have been overruled, Jones cannot show prejudice. See Strickland, 466 U.S. at 687. Furthermore, the record reveals that counsel extensively cross-examined the witness about his fingerprint identification training and thus Jones cannot show that his counsel's representation fell below an objective standard of reasonableness. See id.
 
 II
 
 9
 Ineffective Assistance of Appellate Counsel
 
 
 10
 Jones next contends that he received ineffective assistance of counsel on appeal because appellate counsel failed to address: (1) the prosecutor's misconduct, and (2) ineffective assistance of trial counsel. This contention lacks merit.
 
 
 11
 "If a prosecutor knowingly uses perjured testimony or knowingly fails to disclose that testimony is false, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict." Bonin v. Calderon, 59 F.3d 815, 844 (9th Cir.1995) (emphasis added), cert. denied, 116 S.Ct. 718 (1996).
 
 
 12
 Here, Jones was convicted of robberies which occurred on October 16, and October 19, 1989. At trial, the prosecutor, on one occasion, referred to the date as October 15, 1989. Jones contends that the prosecutor purposefully mentioned the erroneous date in order to invalidate Jones' alibi defense. The record, however, reveals that every other time the prosecutor referred to the date of the first robbery, including closing argument, counsel referred to October 16, 1989. In addition, the discrepancy was never mentioned, much less argued, at trial. Because Jones has not shown that the prosecutor knowingly used perjured testimony, see id., Jones cannot show prejudice from his appellate counsel's failure to raise this issue see Strickland, 466 U.S. at 687; Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying Strickland standard to appellate representation). Finally, because we hold that trial counsel was not ineffective, Jones cannot show prejudice from appellate counsel's failure to raise this issue. See Strickland, 466 U.S. at 687; Miller, 882 F.2d at 1434.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jones' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3