996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randolph A. HARO, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 93-55125.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randolph A. Haro, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus relief. Haro alleges that his conviction for first degree murder is invalid, because his trial counsel was ineffective. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas . Lewis, 945 F.2d 1119, 1122, (9th Cir.1991), and we affirm.
 
 
 3
 We have rejected a per se rule that representation by a lawyer suspended from practice by a state bar automatically results in the denial of the Sixth Amendment right to counsel. United States v. Hoffman, 733 F.2d 596, 600-01 (9th Cir.), cert. denied, 469 U.S. 1039 (1984).
 
 
 4
 To make out a claim for ineffective assistance of counsel, a petitioner must demonstrate that counsel's actions were deficient and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-90 (1984); Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). To demonstrate counsel's deficiency, the petitioner must show that counsel's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; Hendricks, 974 F.2d at 1109. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Hendricks, 974 F.2d at 1109.
 
 
 5
 "The fact that an attorney is suspended or disbarred does not, without more, rise to the constitutional significance of ineffective assistance of counsel under the Sixth Amendment." United States v. Mouzin, 785 F.2d 682, 696-97 (9th Cir.), cert. denied, 479 U.S. 985 (1986). In order to raise an ineffective assistance of counsel claim on the basis that the attorney had been disbarred or suspended, a petitioner must point to specific conduct which prejudiced him. Id. at 697.
 
 
 6
 Haro alleges that he was denied his Sixth Amendment right to counsel because his counsel had been suspended from membership in the State Bar of California. This, however, does not automatically result in a denial of the Sixth Amendment right to counsel. See Hoffman, 733 F.2d at 600-01.
 
 
 7
 To the extent that Haro is alleging ineffective assistance of counsel, we note that his petition fails to indicate how he was prejudiced by his counsel's actions. Moreover, on appeal, Haro concedes that his counsel's actions did not prejudice his trial. Therefore, Haro's trial assistance was not rendered ineffective because his counsel was suspended by the State Bar of California. Mouzin, 785 F.2d 696-97.
 
 
 8
 Haro also alleges that his trial counsel was unable or unwilling to communicate with him before his trial. Haro, however, has failed to demonstrate that his counsel's actions were deficient or that they prejudiced his trial. See Strickland, 466 U.S. at 687-90; Hendricks, 974 F.2d at 1109.
 
 
 9
 On appeal, Haro argues that the fact that his trial counsel was suspended from practice violated his rights under California law. Claims solely based on errors of state law are not cognizable in a habeas petition. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 10
 Accordingly, the district court properly dismissed Haro's petition for writ of habeas corpus.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Haro's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On 6 May 1993, Haro filed a motion to remand his case to the district court. Haro alleges that the Los Angeles County Jail has a policy which prohibits suspended or disbarred attorneys from visiting their clients. Haro, however, fails to demonstrate that his counsel's actions were deficient or how he was prejudiced. See Strickland, 466 U.S. at 687-90; Hendricks, 974 F.2d at 1109. Therefore, Haro's motion is denied