5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Preston Eccles LOCKE, Petitioner-Appellant,
v.
Warden BORG, Respondent-Appellee.
 No. 91-15990.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Preston Eccles Locke, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Locke contends that he was denied his right to counsel under both the fifth and sixth amendments. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.[1]
 
 Background
 
 3
 On December 13, 1979, Locke was contacted by two police officers. The officers had received information that Locke was seen in the company of Luis Borrella on the day that Borrella had disappeared, and that Locke had told Borrella's former spouse that Borrella's body was in a stream, covered by a tarp. The officers told Locke that they wanted to discuss Borrella's disappearance and advised Locke of his Miranda rights. Locke indicated that he would talk to the officers. The officers asked Locke to accompany them to the police station, and Locke agreed. Before leaving, the officers called the district attorney's office and learned that there was an outstanding warrant for Locke's arrest for soliciting the murders of Luis Borrella and Elizabeth Locke. The officers informed Locke of the warrant and told him he would have to be booked, but did not place him under arrest.
 
 
 4
 At the police station, Locke was again advised of his Miranda rights and consented to be interviewed. During the interview, Locke offered to show the officers the location of Borrella's body the next day. After the interview, Locke was taken to jail and booked on the solicitation charge. After spending the night in jail, Locke was arraigned on the solicitation charge and released on his own recognizance on December 14. Locke then accompanied an officer to the district attorney's office, where he was interviewed further. Locke then showed officers the location of Borrella's body.
 
 Fifth Amendment Claim
 
 5
 Locke contends that the statements he made after being released on his own recognizance on December 14, as well as the evidence that he knew the location of the body and the evidence of finding the body, were gained in violation of his right to counsel and should have been suppressed. He argues that his fifth amendment rights were violated when officers continued questioning him after he asserted his desire to have counsel present. The district court determined that Locke was not in custody when he was questioned, and rejected his fifth amendment claim.
 
 
 6
 In order to admit statements made during interrogation, the prosecution must show both that the defendant was informed of his Miranda rights, and that the defendant waived those rights. See Miranda v. Arizona, 384 U.S. 436, 444-45 (1966); Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991). However, a defendant is entitled to the protections of Miranda only if he is subjected to custodial interrogation. See Miranda, 384 U.S. at 444-45. A suspect is in custody for Miranda purposes if, based on the totality of the circumstances at the time of the alleged restraint, a reasonable person would believe that he is not free to leave. United States v. Gillyard, 726 F.2d 1426, 1429 (9th Cir.1984). We review for clear error the district court's determination that a defendant was not in custody for Miranda purposes. See Medeiros v. Shimoda, 889 F.2d 819, 822 (9th Cir.1989), cert. denied, 496 U.S. 938 (1990).
 
 
 7
 Here, Locke had been released on his own recognizance and voluntarily accompanied an officer to the district attorney's office to reveal the location of Borrella's body. The district attorney told Locke that he was free to leave at any time, and that he did not have to participate in the investigation.[2] Locke was repeatedly questioned regarding whether his decision to reveal the location of the body was voluntary and knowing; he affirmed that it was.[3] In these circumstances, we find that a reasonable person would have believed he was free to leave. See Gillyard, 726 F.2d at 1429. Accordingly, the district court's determination that Locke was not in custody for Miranda purposes is not clearly erroneous. See Medeiros, 889 F.2d at 822.
 
 Sixth Amendment Claim
 
 8
 Locke contends that his sixth amendment right to counsel was violated when the district attorney questioned him regarding Borrella's disappearance, because Locke had already been arraigned and had retained counsel on the closely-related charge of soliciting Borrella's murder. We need not reach this argument, however, because Locke has procedurally defaulted this claim.
 
 
 9
 A claim has been procedurally defaulted if the last state court rendering a judgment in the case clearly and expressly states that its judgment is based on a state procedural bar. Harris v. Reed, 489 U.S. 255, 263 (1989). A state court decision which invokes an independent and adequate state procedural bar as one basis for its judgment precludes federal review of the claim, even if the state court discusses the merits of the claim in an alternative holding. Harris, 489 U.S. at 264 n. 10; Thomas v. Lewis, 945 F.2d at 1123. If the highest state court does not explain the reason for denying a claim, the federal court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 10
 When a state procedural rule bars litigation of a claim in state court, federal habeas review is available only if the petitioner can show cause for the procedural default and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907 (9th Cir.1986).
 
 
 11
 Locke appealed his conviction to the California Court of Appeal. That Court determined that Locke's sixth amendment claim had not been raised in the trial court, and was therefore not cognizable on appeal. The Court then continued: "In any event, the contention lacks merit," and discussed the merits of the claim in a paragraph. The California Supreme Court denied Locke's petition for review without comment or citation.
 
 
 12
 Because the California Supreme Court did not explain the reason for denying review of Locke's claim, we must look back to the California Court of Appeal's decision to determine whether the claim is procedurally barred. See Ylst, 111 S.Ct. at 2594. The California Court of Appeal found, and we agree, that Locke's failure to raise his sixth amendment claim in the trial court precluded the Court of Appeal from considering the claim. See People v. Rogers, 579 P.2d 1048, 1051-52 (Cal.1978) (questions regarding admissibility of evidence will not be reviewed on appeal absent a specific and timely objection in the trial court on the ground sought to be raised on appeal). The Court of Appeal's discussion of the merits in an alternative holding does not alleviate the operation of the procedural bar. See Harris, 489 U.S. at 264 n. 10; Thomas, 945 F.2d at 1123. Accordingly, we find that Locke has procedurally defaulted this claim. See Harris, 489 U.S. at 263. Because Locke has alleged no cause for this procedural default, federal habeas review is foreclosed. See Coleman, 111 S.Ct. at 2564; Hughes, 800 F.2d at 907.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we reject the respondent's argument that Locke's failure to comply with the formal requirements of Fed.R.App.P. 28 warrants dismissal. Construing Locke's brief liberally, as we must because he is proceeding pro se, it is clear that he is appealing the district court's denial of his fifth and sixth amendment claims. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990)
 
 
 [2]
 The district attorney asked "Do you understand that once you are released on your own recognizance you can walk out the door?" After Locke replied affirmatively, the district attorney asked "Do you wish to walk out the door, or do you wish to participate with the Washoe County Sheriff's Dept.?" Locke then indicated that he wanted to show the officers the location of Borrella's body
 
 
 [3]
 The district attorney asked Locke whether he wanted his attorney present, whether he had been drinking prior to coming to the District Attorney's office, and whether anyone had pressured him or promised him anything to participate in the investigation. He responded negatively. The district attorney also asked him whether he understood that he was "not in any type of custody? You are under no restraint?" Locke responded that he understood