10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles F. CHRISTIAN, Petitioner-Appellant,
v.
Daniel B. VASQUEZ, Warden, Respondent-Appellee.
 No. 92-16963.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 26, 1993.
 
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Charles Christian has filed, and lost, several habeas corpus cases he filed in California state court. He had pleaded guilty in 1978 to stabbing two people to death. He did not appeal, but claimed in the state habeas petitions that he was mentally incompetent when he pleaded and had received ineffective assistance of counsel.
 
 
 3
 The last denial by the California court of appeals, in 1987, was "without prejudice" to filing a new petition remedying the following defects: (1) failure to justify delay in raising the issue; (2) lack of any change since the last denial of his claim of incompetence caused by medication; (3) failure to allege specific facts establishing that he could not understand the nature of the proceedings. The California Supreme Court denied his petition without opinion, but no decision on the merits could be inferred from this "postcard denial." Presumably the unexplained supreme court decision was on the same grounds as the court of appeals's decision. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 4
 The California court of appeals denied Christian's petition because of an independent and adequate state ground: i.e. abuse of the writ by excessive delay. Christian failed to amend his petition to justify his delay. Therefore, the order dismissing for excessive delay stands. See Coleman v. Thompson, 111 S.Ct. 2546, 2553 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). It is an independent and adequate state ground. He had an opportunity to be heard on this question and defaulted.
 
 
 5
 In Christian's federal habeas petition, the district court concluded he had failed to exhaust state remedies. We conclude that procedural default rather than failure to exhaust should have been the basis for dismissing Christian's petition. Nevertheless, "we will uphold the result if it is reasonably supported in the record." United States v. Twine, 853 F.2d 676, 681 (1988). Procedural default may be raised sua sponte. Reed v. Ross, 468 U.S. 1, 10 (1984); Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir.1992). Because Christian bypassed an express invitation by the California courts to amend his petition in order to justify his delay, we affirm the district court on the ground of his procedural default.
 
 
 6
 Though he claims denial of procedural due process in the district court, Christian did not file objections to the magistrate judge's report, so he waived this claim. He also claims actual innocence of the crime, but the only evidence before us is the transcript of his plea. During the colloquy in open court, Christian told the judge that he stabbed the woman to death to keep her from calling the police, and stabbed the man to death to keep him from rescuing his wife. Christian's unsupported claim of actual innocence, fourteen years after the fact, does not establish his actual innocence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) & 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3