29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie F. HESS Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 92-36834.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie F. Hess, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Hess contends that he received ineffective assistance of counsel in his trial for the rape, sodomy, and sexual abuse of his daughter. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Hess contends that counsel was ineffective for (1) failing to cross-examine five prosecution witnesses, (2) failing to call the victim's teacher, mother, and doctor as witnesses, (3) failing to counter expert testimony offered by the prosecution, and (4) failing to prepare adequately for trial. These claims have no merit.
 
 
 4
 To show ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). We exercise a strong presumption that counsel's conduct falls "within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990); see Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance"). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the jury would have had a reasonable doubt regarding his guilt. Strickland, 466 U.S. at 695.
 
 
 5
 Hess contends that counsel failed to cross-examine five prosecution witnesses. However, Hess does not indicate how this alleged deficiency prejudiced his defense. Hess has not specified what testimony should have been elicited in cross-examination, but instead has argued generally that counsel's failure to cross-examine caused a breakdown in the adversarial process. Because Hess has failed to show actual prejudice resulting from counsel's actions, this claim must fail. See id.
 
 
 6
 Hess contends that counsel failed to interview and call as witnesses the victim's mother, teacher, and regular physician. Hess claims that this failure to investigate adequately deprived the jury of potentially exculpatory evidence. We find that counsel made a tactical decision not to call the victim's mother, based on her involvement in allegedly abducting the victim and convincing the victim to recant her allegations of sexual abuse. Furthermore, counsel was told that this witness would refuse to testify if called to the stand. Counsel's decision not to call this witness does not constitute ineffective assistance. See id.; Hughes, 898 F.2d at 702.
 
 
 7
 Hess contends that the testimony of the victim's teacher and doctor would have created a reasonable doubt as to his guilt; however, based on their testimony at the state post-conviction hearing, we disagree. Hess has not shown prejudice resulting from counsel's failure to call these two witnesses. See Strickland, 466 U.S. at 695.
 
 
 8
 Hess contends that counsel should have called expert witnesses to counter the prosecution's experts on child abuse and bruises. However, Hess has not shown that experts were available to counter the prosecution testimony, nor how the testimony of such experts would have called the prosecution's case into question. Without such a showing of prejudice, this claim must fail. See id.
 
 
 9
 Hess claims that counsel did not spend enough time preparing for trial, and that counsel spent only five or six hours talking to Hess about the case. However, assuming arguendo that this constitutes insufficient preparation, Hess has shown no prejudice. See id. He has not indicated how further conversations between himself and counsel would have changed the outcome of his trial in any way. See id. Accordingly, this claim must fail.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hess's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3