32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecil R. TEDDER, Petitioner-Appellant,
v.
Eddie S. YLST, Warden, Respondent-Appellee.
 No. 93-15486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Cecil R. Tedder appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions of second degree murder and of possession of an explosive device with intent to injure. Tedder claims that he was denied his: (1) Sixth Amendment right to effective assistance of counsel; (2) procedural due process rights under the Fourteenth Amendment; and (3) Fourth Amendment rights when the state engaged in an illegal search and seizure of his property. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and we affirm.
 
 1. Sixth Amendment claims
 
 3
 a) Ineffective assistance of counsel
 
 
 4
 To obtain relief from a claim of ineffective assistance of counsel, a petitioner must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. Id. at 689. Second, a petitioner must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 Tedder's first ineffective assistance claim is based on his trial attorney's apparent failure to request that his trial be relocated from a Board of Supervisors Room in Nevada City, California to a court room. Tedder contends that his attorney should have known that the boardroom did not adequately separate the jury from the prosecutor, the witnesses or the spectators, allowing the jurors to interact improperly with everyone present at his trial. However, because Tedder fails to present any specific evidence to demonstrate that the location of his trial created a fundamentally unfair or unreliable proceeding, this ineffective counsel claim is deficient. See id.; Strickland, 466 U.S. at 692.
 
 
 6
 Tedder's second ineffective assistance claim is based on his trial attorney's apparent failure to call certain witnesses in his defense. This claim lacks merit. First, Tedder fails to identify the prospective witnesses that he desired to be called and he does not set forth their contemplated testimony and its potential effects on his case. Although Tedder states that the uncalled witnesses would have "shed a completely different light on the whole case," he fails to show how. Thus, because Tedder is unable to articulate how counsel's failure to call these unnamed witnesses resulted in a fundamentally unfair or unreliable proceeding, this ineffective counsel claim is also deficient. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.[1]
 
 
 7
 b) Denial of motion to relieve or substitute counsel
 
 
 8
 Under the independent and adequate state ground doctrine, federal courts generally may not review a claim where a state law default precludes the state from deciding it on the merits. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). However, collateral review is permitted if a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 9
 Tedder claims that the state court violated his Sixth Amendment right to counsel by denying several of his motions requesting substitution of counsel. However, when Tedder raised this claim in his state appeal, the appeals court found that he procedurally defaulted on this issue by failing to provide an adequate record affirmatively demonstrating the error. Because Tedder failed to show cause for and actual prejudice from the procedural default, or that the failure to consider the claim will result in a fundamental miscarriage of justice, he is barred from raising this issue on appeal. See Coleman, 111 S.Ct. at 2565; Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 
 10
 2. Fourteenth Amendment procedural due process claims
 
 
 11
 a) Jury misconduct
 
 
 12
 Tedder claims that his due process rights were violated because his trial was held in a Board of Supervisors room, which did not adequately separate the jury from the spectators, victim's family, witnesses or the prosecution. Tedder raised this issue in his state court appeal. It was disposed of on procedural grounds because Tedder failed to properly pursue the issue in the lower court. Thus, because Tedder failed to show cause for and actual prejudice from the procedural default, or that the failure to consider the claim will result in a fundamental miscarriage of justice, he is barred from raising this issue on appeal. See Coleman, 111 S.Ct. at 2565; Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 
 13
 b) Failure to make timely appearance before the magistrate
 
 
 14
 Tedder also claims that his due process rights were violated when he was arrested but not brought before a magistrate judge within five days as required by Cal.Penal Code Sec. 822. This issue was presented on direct appeal to state appellate court, which found that Tedder's failure to raise the issue at trial resulted in a procedural default. Thus, because Tedder failed to show cause for and actual prejudice from the procedural default, or that the failure to consider the claim will result in a fundamental miscarriage of justice, he is barred from raising this issue on appeal. See Coleman, 111 S.Ct. at 2565; Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 
 15
 3. Fourth Amendment search and seizure claim
 
 
 16
 Federal habeas corpus review does not extend to Fourth Amendment claims where the state has provided an opportunity to fully and fairly litigate the issue. Stone v. Powell, 428 U.S. 465, 474 (1976). It is irrelevant whether or not the petitioner actually litigated his Fourth Amendment claim because the Constitution only requires that he be given the opportunity to litigate the claim. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).
 
 
 17
 Here, Tedder offers no evidence that he was deprived of an opportunity for full and fair litigation of his Fourth Amendment claims that government officials conducted an illegal search and seizure of his place of business in Penn Valley, California. Thus, Tedder is precluded from raising this claim in his 28 U.S.C. Sec. 2254 petition. See Stone, 428 U.S. at 474; Gordon, 895 F.2d at 613.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tedder's other ineffective assistance claims are based on several alleged errors made by his counsel during trial, including failure to adequately cross-examine the prosecutor's witnesses, failure to object to the admissibility of a piece of rope found in Tedder's possession at his arrest, and failure to allow Tedder to testify. Because Tedder did not raise these claims in his petition for writ of habeas corpus, we do not consider these claims. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (this court may not consider facts or issues not presented to the district court when reviewing a district court's denial of a 28 U.S.C. Sec. 2254 petition for writ of habeas corpus)